IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 22, 2004

## STATE OF TENNESSEE v. DERECK C. CAMPBELL

**Appeal from the Criminal Court for Williamson County**
**No. II-1002-382    Timothy L. Easter, Judge**

_____

**No. M2003-03074-CCA-R3-CD - Filed December 10, 2004**

_____

The Defendant was convicted for possession of cocaine with intent to sell, possession of marijuana, possession of hydromorphone, possession of diazepam, and possession of drug paraphernalia. The possession of cocaine conviction was a Class B felony and the other convictions were Class A misdemeanors. The jury also recommended fines related to these convictions. The total of the fines was just over $40,000. The trial court sentenced the defendant to eight (8) years for the possession of cocaine offense, and eleven months, twenty-nine days for each of the other offenses. These sentences were run concurrently. The trial court then granted the Defendant's request for alternative sentencing and suspended the Defendant's sentence for possession of cocaine for all but thirty (30) days and allowed him to serve ten years on intensive probation. The defendant appeals his sentence. We affirm the sentence imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Cynthia M. Fort, Nashville, Tennessee, for the appellant, Dereck C. Campbell.

Paul G. Summers, Attorney General & Reporter; Jennifer Bledsoe, Assistant Attorney General; Ron Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

<u>Factual Background</u>

On June 19, 2002, neighbors of the Defendant called the police to report that two men were attempting to break into the Defendant's home. The police responded to the call. Upon reaching the Defendant's house, they discovered the intruders had kicked-in the front door. The officers entered the Defendant's home and found a hand mirror with white powder, digital scales, straws and homemade pipes, as well as other items usually connected with the sale and use of illegal drugs. The officers then obtained a search warrant. After executing the search warrant, they found a large quantity of illegal drugs and illegal drug paraphernalia.

The trial court held a jury trial on July 17 and 18 of 2003. After hearing the evidence, the jury found the Defendant guilty of possession of cocaine with intent to sell, possession of marijuana, possession of hydromorphone, possession of diazepam, and possession of drug paraphernalia. The possession of cocaine conviction was a Class B felony and the other convictions were Class A misdemeanors. The jury also recommended fines related to these convictions. The trial court imposed fines totaling just over $40,000.

After a sentencing hearing, the trial court sentenced the Defendant to eight (8) years for the possession of cocaine offense, and eleven months, twenty-nine days for each of the other offenses. These sentences were run concurrently. The trial court then granted the Defendant's request for alternative sentencing and suspended the Defendant's sentence for possession of cocaine for all but thirty (30) days and allowed him to serve ten (10) years on intensive probation.

**<u>ANALYSIS</u>**

The Defendant appeals only his sentence. He argues that the trial court erred in imposing an excessive sentence of eight (8) years, suspending all but thirty (30) days. He argues that he should have been given full probation or in the alternative sentenced under the community corrections program. "When reviewing sentencing issues . . . , the appellate court shall conduct a <u>de novo</u> review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b);

<u>Ashby</u>, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." <u>Ashby</u>, 823 S.W.2d at 169.

A defendant "who is an especially *mitigated offender* or *standard offender* convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (emphasis added). In choosing among possible sentencing alternatives, the trial court should consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "The potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." <u>Id.</u> § 40-35-103(5); <u>State v. Dowdy</u>, 894 S.W.2d 301, 305 (Tenn. Crim. App.1994). The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation. <u>See</u> <u>State v. Nunley</u>, 22 S.W.3d 282, 289 (Tenn. Crim. App.1999); <u>see</u> <u>also</u> <u>State v. Bunch</u>, 646 S.W.2d 158, 160-61 (Tenn. 1983); <u>State v. Zeolia</u>, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); <u>State v. Williamson</u>, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); <u>Dowdy</u>, 894 S.W.2d at 305-06.

When seeking full probation, the burden rests with the defendant to prove his suitability to that manner of sentence. <u>See</u> Tenn. Code Ann. § 40-35-303(b); <u>State v. Boggs</u>, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1995). "Probation is a privilege or act of grace which may be granted to a defendant who is eligible and worthy of this largesse of law." <u>State v. Dykes</u>, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990). In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, including physical and mental condition; the deterrent effect on the defendant; and the likelihood that probation is in the best interests of both the public and the defendant. <u>See</u> <u>Stiller v. State</u>, 516 S.W.2d 617, 620 (Tenn. 1974); <u>State v. Kendrick</u>, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999).

The trial court stated:

> As previously stated, this cause came to be heard back in July, July 17th on a jury trial. The Defendant stands before the Court now having been convicted by a jury verdict of one felony and four misdemeanor offenses.
>
> Obviously the felony offense is the one that will certainly carry the most sentence, and we'll do this backwards.
>
> There is no evidence and no proof in this record to support consecutive sentencing, so all sentences that the Court will fashion will run concurrently; one with the other.
>
> As it relates to the proof and evidence that the Court is considering in fashioning this sentence, the Court does, as requested and required by law, rely upon

the evidence presented at the trial of this case, as well as the evidence presented here today at sentencing, which is simply the pre-sentence report.

Furthermore, the Court relies upon the sentencing principals embodied in 40-35-103, 40-35-101 and -102; conduct involved in this case, arguments made about alternative sentencing, the nature and characteristics of the criminal conduct involved in this case, the evidence and information offered as it relates to enhancing and mitigating factors.

The Defendant has not testified here today, nor did he testify at trial, so the Court really has no statement from the Defendant on which to rely. He also gave no statement in the pre-sentence report other than he continues to maintain his innocence.

Furthermore, the Court is relying upon information as it relates to a sentence involving rehabilitation and the Defendant's potential for rehabilitation and treatment.

The evidence is as it relates to the conviction for possession with the intent to sell or deliver cocaine over half a gram that he is a range one standard offender; and, therefore, the range of punishment for that "B" felony is a minimum of 8 and a maximum of 12 years.

Pursuant to the statute, the Court begins at the minimum within the range, which is eight years, absent any enhancing factors. I find that in this particular case under 40-35-114, after pouring over these factors and reviewing these factors, I find that there are none in this case that are applicable.

And after reviewing the mitigating factors under 40-35-113, including the Defense request for sentencing as a specially mitigating factor, I find that there is insufficient evidence to support a sentence as a mitigating – a mitigated offender or – and, furthermore, there is no evidence in the record that would support application of any of the mitigating factors under 40-35-113.

Therefore, I find the appropriate sentence is the sentence of eight years as a standard range one offender to the Department of Correction for Count I.

For Counts II, III, IV and V, I find that the appropriate sentence is 11 months and 29 days in the Williamson County Jail. Each of these sentences are at 75 percent.

As I previously stated, all sentences will run concurrently; one with the other.

On the question of probation consideration, under 40-35-102, he does not enjoy a presumption of favorability for some type of alternative sentencing. That is reserved for "C", "D" and "E" felonies; not "B" felonies. And so I find that he is not entitled to that presumption.

But the Court still considers the sentencing considerations set out under 40-35-103 in determining whether or not this is an appropriate defendant, given all the evidence that's before the Court for a sentence that involves confinement.

I know very little about this defendant. All I know about him is what was going on in his house the night that an alleged burglary took place, as I recall; that was what initiated this. The police got a call that there was a burglary or there had been a burglary, and when they got there what they found appeared to be, based upon the evidence that I heard, nothing short of some type of a drug house where drugs were being dispensed, drugs of all kinds.

. . . .

So what I'm left with is since I don't know anything else about Mr. Campbell other than what's in the pre-sentence report, is that it appears that he was running a little drug house there.

But there are positives for him; there are positives in the record he was – he does have a steady work history, he does have no prior convictions, so that all this bodes well for him. He has done well since his conviction and the Court ordered him to begin reporting immediately, and that's a positive for him in terms of how I can forecast what he'll be like on probation; he's doing well.

So based upon all that, I find that this is an appropriate case for some type of alternative sentencing; although, not a full suspended sentence.

I find some confinement is necessary to avoid depreciating the seriousness of the offenses for which he stands convicted because, as I say, the record is and the jury obviously found that he was running a drug enterprise out of his house.

I find that some sentence should be imposed and – but that should not be any greater than that deserved for the offense committed here. And that sentence I believe would be a sentence of 30 days.

So the court will suspend all the eight-year sentence after the service of 30 days in the Williamson County Jail. I'll further suspend all the 11 month and 29 days

sentences for the misdemeanor [sic] after the service of 30 days in Williamson County Jail. I order that he be placed on intensive probation for a period of 10 years. And as a condition of probation, he is to abide by all the terms and conditions of probation, including random drug screens.

He is furthermore required to pay all of his fines required to pay all of his fines in this case on a schedule to be established by his probation officer. One reason the Court is extending your probation a couple of years longer than the sentence, frankly, Mr. Campbell, is to give you time to do that, because you got a substantial amount of fines to pay that were imposed by the jury. Those fines will be designated to the Franklin Police Department Drug Fund.

As evidenced by the trial court's above-quoted findings of fact and ruling, the trial court considered all the factors required when determining whether to grant full probation. In this case, the trial court sentenced the Defendant to eight (8) years, all suspended, except for thirty (30) days for his one felony conviction and fully-suspended his misdemeanor sentences. The Defendant will also be placed on intensive probation for ten (10) years to enable him to pay his hefty fine of over $40,000.

Thirty (30) days is a very small portion of the Defendant's entire eight year sentence. The trial court's reasoning for the thirty (30) day incarceration is that failing to order some type of service of his sentence would depreciate the seriousness of the Defendant's offense. We agree with the trial court that this is a valid reason and supports the imposition of this sentence. The Defendant is not presumed to be a favorable candidate for probation because his felony conviction was for a B felony. The burden of proof to show that he is indeed suitable for full probation rests with the Defendant. The Defendant did prove in the sentencing hearing that he had a steady work history and no prior convictions. He also had been diligent about reporting when asked for any pre-sentence meetings. However, the fact remains that the Defendant was convicted of a B felony. Frankly, we are of the belief that being required to serve thirty (30) days of an eight (8) year sentence is already a lenient sentence for a conviction for a Class B felony. The trial court stated that the main reason for imposing a split sentence was to avoid depreciating the seriousness of the offense. This is a sentencing consideration clearly set out in Tennessee Code Annotated section 40-35-103(1)(B).

The Defendant was also ordered to intensive probation for ten (10) years after the service of his thirty (30) day incarceration. The trial court stated that this was in part to make it easier for the Defendant to pay his fine. Under Tennessee Code Annotated section 40-35-303(c), an individual may be put on probation for "a period of time no less than the minimum sentence allowed under the classification and up to and including the statutory maximum time for the class of the conviction offense. The sentencing range of a Class B felony for a Range I offender is eight (8) to twelve (12) years. Clearly, the trial court's imposition of ten (10) years of probation falls within this range.

The Community Corrections Program is a form of alternative sentencing. As stated above, the Defendant is not entitled to a presumption of alternative sentence because he was convicted of a Class B felony. While the Defendant does meet the minimum eligibility criteria listed in Tennessee Code Annotated section 40-36-106, that does not automatically entitle him to be sentenced under the Community Corrections Program. The fact that the trial court followed the procedures set out for sentencing leads to a presumption of correctness of the trial court's decision. The trial court stated that this offense required incarceration to avoid depreciating the seriousness of the offense. As stated above, this is a sentencing consideration found at Tennessee Code Annotated section 40-35-103(1)(B). We find that this consideration alone is enough to support the trial court's imposition of split confinement and probation as opposed to community corrections.

Because the trial court clearly followed the guidelines set out for sentencing, we must presume that the trial court's decision is correct. We find ample evidence in this case to support the trial court's decision to impose a sentence of eight (8) years suspended after serving thirty (30) days and ten (10) years intensive probation.

## CONCLUSION

For the reasons stated above, we affirm the judgments of the trial court.

_____
JERRY L. SMITH, JUDGE